603 A.2d 39
STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. IN
THE INTEREST OF S.T., JUVENILE–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 8, 1991—Decided February 15, 1991.

1

Before Judges ANTELL, O'BRIEN and KEEFE.

*Richard C. Hare,* Warren County Prosecutor, attorney for appellant (*Stephanie P. Brubaker,* Assistant Prosecutor, on the brief).

No brief filed on behalf of the respondent.

The opinion of the court was delivered by

KEEFE, J.A.D.

On August 4, 1988, S.T. was placed on probation for a period of one year after being adjudicated a delinquent under various complaints which charged him with distribution of marijuana and LSD on school property. At the time of the disposition, S.T. was eighteen years of age.

On June 27, 1989, a violation of probation complaint was filed against S.T. charging him with various violations of the special conditions of probation. Subsequently, on August 16, 1989, a second violation of probation complaint was filed against him.

No hearing was scheduled to determine the merits of the violation of probation complaints. Instead, S.T.'s counsel took the position that the Family Court was "without jurisdiction to extend the juvenile probation or impose any other kind of juvenile probationary conditions in this matter." S.T. relied upon the provisions of *N.J.S.A.* 2A:4A–47 which provides in pertinent part: "any order of disposition entered in a case under this act shall terminate when the juvenile who is the subject of the order attains the age of 18, or 1 year from the date of the order whichever is later...."

The Family Part judge found, in essence, that the probationary period was tolled by reason of the filing of the violation of probation complaint in June 1989, but the provisions of the aforementioned statute deprived the Family Court of jurisdic-

tion over S.T. after August 4, 1989. Thus, the judge reasoned that the only disposition that could be made after a violation of probation hearing was concluded adversely to the juvenile was to "enter a disposition that last[s] for the duration of the remaining probationary period." In view of his interpretation of the statute, the judge elected to terminate the probation as "unimproved" with the DEDR penalty previously imposed as a condition of probation remaining an obligation of the juvenile.

The State appeals from that determination. We reverse and remand the matter for a hearing on the merits of the violation of probation complaints.

We are of the opinion that the Family Part judge failed to consider the provisions of *N.J.S.A.* 2A:4A–45b and construe that statute, which specifically envisions violation of probation charges such as is involved here, in pari materia with the more general provisions of *N.J.S.A.* 2A:4A–45a upon which he exclusively relied. *N.J.S.A.* 2A:4A–45b provides:

> Except as provided for in subsection a., the court shall retain jurisdiction over any case in which it has entered a disposition under [2A:4A–43] of this act and may at any time for the duration of that disposition, if after hearing, and notice to the prosecuting attorney, it finds violation of the conditions of the order of disposition, substitute any other disposition which it might have made originally.

S.T. received a disposition under the provisions of *N.J.S.A.* 2A:4A–43b(3). Notably, the retention of jurisdiction addressed in *N.J.S.A.* 2A:4A–45b was not limited by the Legislature to a point in time defined by the juvenile's eighteenth birthday or one year from that date, whichever is later, the concept used by the Legislature in *N.J.S.A.* 2A:4A–47 and relied upon by the trial judge.

Had S.T. been an adult at the time the offenses were committed, he would have violated the provisions of *N.J.S.A.* 2C:35–7, a third degree offense for which incarceration is required. Thus, one of the dispositions to which S.T. was exposed at the time of sentencing was a term of incarceration under *N.J.S.A.* 2A:4A–44 which, for the equivalent of a third degree offense, permits incarceration of the juvenile not to exceed two years.

*N.J.S.A.* 2A:4A–44d(1)(e). *N.J.S.A.* 2A:4A–45b permits the Family Part judge to consider that sentencing alternative at the time of the violation of probation hearing should the juvenile be found guilty of the charge. We, of course, do not pass on the merits of that alternative. *See, State v. Baylass,* 114 *N.J.* 169, 553 *A.*2d 326 (1989).

However, the interpretation of the statute rendered by the Family Part judge leaves the court system powerless to insure compliance by juvenile offenders with the provisions or conditions of an order of disposition entered pursuant to the Code of Juvenile Justice where the juvenile is eighteen years of age and his term of probation is at or near its end. The Legislature could not have intended such an absurd result. Indeed, in a somewhat analogous situation, our Supreme Court interpreted the predecessor to the Code in a way similar to the interpretation we now give the current statute in order to avoid such a situation. In the case of *In re Smigelski,* 30 *N.J.* 513, 154 *A.*2d 1 (1959), the Court held that:

Our statutes make it clear that the Legislature did not intend the jurisdiction of the juvenile court to be terminated or turned off like a faucet the moment a person who has committed an offense attains his 18th birthday, or that that event would necessarily preclude the acquisition and exercise of jurisdiction thereafter. *N.J.S.A.* 2A:4–17 provides that jurisdiction once acquired shall be retained during the continuance of a commitment or the term of probation, notwithstanding the child attained the age of 18 years during service of the commitment or the probationary period....

... While the Legislature has not otherwise spoken on this phase of the subject, it cannot be imagined that it was its intention that a juvenile offender should escape all judicial handling in the event he should not be apprehended until after he became 18.

*Id.* at 521–22, 154 *A.*2d 1.

The judgment under review is vacated and the matter is remanded for a violation of probation hearing and appropriate disposition.